IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 1:07-bk-15723 |
| Petro Acquisitions, Inc., | : | |
| | : | Chief District Judge Susan J. Dlott |
| Debtor. | : | Bankruptcy Judge Burton Perlman |

| | | |
|---|---|---|
| Dirt Road Enterprises, LLC, et al., | : | |
| | : | Case No. 1:08-cv-738 |
| Plaintiffs, | : | |
| | : | Adversary Pro. No. 1:08-cv-1128 |
| v. | : | |
| | : | |
| Equilon Enterprises, LLC, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| Shri Jay Gayatri, LLC, et al. | : | Case No. 1:08-cv-755 |
| | : | |
| Plaintiffs, | : | Adversary Pro. No. 1:08-cv-1138 |
| | : | |
| v. | : | |
| | : | |
| Equilon Enterprises, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on two Motions to Withdraw the Reference to Bankruptcy Court pursuant to 28 U.S.C. § 157(d) filed by Exxonmobil Oil Corporation ("Exxon"), a defendant in each of the adversary proceedings. (Case No. 1:08-cv-738, Doc. 2; Case No. 1:08-cv-755, Doc. 2.) The Court heard oral argument on the pending motions on January 15, 2009. For the reasons that follow, the Court **DENIES** the withdrawal motions.

1

I.    **FACTUAL BACKGROUND**

Debtors Petro Acquisitions, Inc. and its wholly owned subsidiaries (collectively, "Petro Debtors") filed a Petition for Chapter 11 bankruptcy on November 21, 2007 in the United States Bankruptcy Court for the Southern District of Ohio. (Case Mo. 1:07-bk-15723, Doc. 1.) The instant adversary proceeding cases were filed in the Petro Debtors' bankruptcy case.

A.    **Dirt Road Enterprises Case**

On July 29, 2008, Plaintiffs Dirt Road Enterprises, LLC ("Dirt Road"), AFM No. 29141, LLC, and AFM No. 29118, Inc. filed a Complaint against Defendants Equilon Enterprises, LLC d/b/a Shell Oil Products US ("Shell") and Exxon. (Adv. Pro. No. 1:08-ap-1128, Doc. 1.) Plaintiffs own and operate three convenience and gas stores located in Ohio and Kentucky. Plaintiffs allege that Shell and Exxon entered into contracts with Debtor Petro Ventures for the sale and distribution of Shell and Exxon products through retail outlets, such as those operated by Plaintiffs. To greatly summarize Plaintiffs' allegations, they allege that Exxon and Shell wrongfully withheld credit card receipts for sales transactions made at Plaintiffs' stores. Plaintiffs assert claims for declaratory and injunctive relief, unjust enrichment, and conversion against Shell and Exxon. Plaintiffs also make an express jury demand in the Complaint.

Approximately one month after the Complaint was filed, Defendant Exxon moved to withdraw the reference to bankruptcy court. (Adv. Pro. No. 1:08-ap-1128, Doc. 5; Case No. 1:08-cv-738, Doc. 2.) Plaintiffs oppose the withdrawal motion.

On August 28, 2008, Defendant Shell filed its Answer to the Complaint. (Adv. Pro. No. 1:08-ap-1128, Doc. No. 7.) Shell asserts in its Answer that the outcome of the adversary proceeding will have an effect on the Petro Debtors' bankruptcy estates. Shell asserts that Petro

Ventures is "required to indemnify Shell in connection with expenses, attorneys' fees, and liability incurred in the adversary proceeding" and that Petro Acquisitions agreed "to make payment directly to Shell when due of any and all present and future indebtedness and liabilities owed to Shell by Petro Ventures." (Id.)

Shell also filed a Limited Objection to Exxon's withdrawal motion. (Adv. Pro. No. 1:08-ap-1128, Doc. 12.) Shell contends that the Court should withdraw the reference to Bankruptcy Court for purposes of conducting a jury trial, but that the Bankruptcy Court should handle the pretrial proceedings. Shell again asserts that the resolution of the bankruptcy proceeding will effect the bankruptcy estates of Petro Ventures and Petro Acquisitions because Shell's claims based on indemnification and guaranty would increase if Shell is found liable. Shell contends that the Bankruptcy Court has better familiarity with the Petro Debtors' case and a faster docket.

On January 19, 2009, after the Bankruptcy Court denied a dismissal motion which Exxon earlier had filed, Exxon filed its Answer to the Complaint. (Adv. Pro. No. 1:08-ap-1128, Docs. 21, 24, 29.)

**B.    Shri Jay Gayatri Case**

On August 19, 2008, Plaintiffs Shri Jay Gayatri LLC d/b/a Maysville Food Mart and Mikbob Investments, LLC filed their Complaint against Defendants Shell and Exxon. (Adv. Pro. No. 1:08-ap-1138, Doc. 1.) Plaintiffs own and operate convenience and gas stores in Ohio and Kentucky. Plaintiffs allege that Shell and Exxon entered into contracts with Debtor Petro Ventures, Inc. and/or Debtor Petro Supply for the sale and distribution of Shell and Exxon products through retail outlets, such as those operated by Plaintiffs. Again to greatly summarize Plaintiffs' allegations, Plaintiffs allege that Exxon and Shell wrongfully withheld credit card

3

receipts for sales transactions made at Plaintiffs' stores. Plaintiffs assert claims for declaratory and injunctive relief, unjust enrichment, and conversion in their Complaint. Plaintiffs in the Gayatri case did not state an explicit jury demand in their Complaint.

On October 2, 2008, Defendant Exxon moved to withdraw the bankruptcy reference. (Adv. Pro. No. 1:08-ap-1138, Doc. 9; Case No. 1:08-cv-755, Doc. 9.) Plaintiffs oppose the withdrawal motion.

Shell filed its Answer to the Gayatri Complaint on October 2, 2008. (Adv. Pro. No. 1:08-ap-1138, Doc. 11.) Shell asserts in its Answer in this proceeding as well that the outcome of the proceeding will have an effect on the bankruptcy estates because Petro Ventures is "required to indemnify Shell in connection with expenses, attorneys' fees, and liability incurred in the adversary proceeding" and Petro Acquisitions agreed "to make payment directly to Shell when due of any and all present and future indebtedness and liabilities owed to Shell by Petro Ventures."

Exxon has not yet filed an Answer to the Gayatri Complaint. However, the Bankruptcy Court on January 21, 2009 denied a dismissal motion which Exxon earlier had filed. (Adv. Pro. No. 1:08-ap-1138, Docs. 23, 26.)

**II.     LEGAL STANDARD FOR WITHDRAWAL MOTION**

The pending motions are governed by 28 U.S.C. § 157(d). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section [to the bankruptcy judges for the district], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

4

28 U.S.C. § 157(d). A district court judge must determine a motion to withdraw made pursuant to § 157. Fed. R. Bankr. P. 5011(a).

**III.    ANALYSIS**

Exxon moves for permissive withdrawal for "cause" pursuant to the statute in both adversary proceedings. Id. "Cause" is not defined in the withdrawal statute. Exxon, as the movant, bears the burden of establishing cause for the withdrawal. Holland v. LTV Steel Co., Inc., 288 B.R. 770, 773 (N.D. Ohio 2002); In re Southern Indust. Mech. Corp., 266 B.R. 827, 834 (W.D. Tenn. 2001).

District courts examine multiple factors when determining whether to withdraw a proceeding including: "whether the proceeding is core or non-core to the bankruptcy court's jurisdiction; whether it is legal or equitable in nature; the efficient use of judicial resources; prevention of forum shopping; and the effect of the ruling on uniformity in administering bankruptcy law." Messinger v. Chubb Group of Ins. Cos., No. 1:06MC00121, 2007 WL 1466835, at *1 (N.D. Ohio May 16, 2007); see also In re Canter, 299 F.3d 1150, 1154 (9th Cir. 2002) (substantially similar); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993) (substantially similar); In re Oasis Corp., No. C2-08-00288, 2008 WL 2473496, at *1 (S.D. Ohio June 18, 2008). A district court has discretion to deny withdrawal even if several of the factors favor withdrawal of the reference. See In re O'Neal, No. 5:08-MC-00043, 2008 WL 3932153, at *3 (N.D. Ohio Aug. 20, 2008).

A determination that a proceeding is non-core weighs in favor of withdrawal. See Nat'l Century Fin., Enters., v. Great Am. Ins. Co., No. 2:04-cv-908, 2005 U.S. Dist. Lexis 13379, at *4 (S.D. Ohio July 5, 2005). A non-core proceeding can be identified as one having the following

general characteristics: (1) the proceeding is not specifically identified as a core proceeding under § 157(b)(2)(B) through (N); (2) the proceeding existed prior to the filing of the bankruptcy case; (3) the proceeding would exist independent of the provisions of Title 11; and (4) the parties' rights or obligations are not significantly affected as a result of the filing of the bankruptcy case. In re Hughes-Bechtol, Inc., 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992). All parties here agree that the adversary proceedings are non-core pursuant to 28 U.S.C. § 157(c). Similarly, a demand for a jury trial weighs in favor of withdrawal because bankruptcy courts in the Sixth Circuit cannot hear jury trials without the consent of the parties. See Nat'l Century Fin., Enters., Inc., 2005 U.S. Dist. Lexis 13379, at *8-9 (citing Rafoth v. National Union Fire Ins. Co., 954 F.2d 1169, 1172-73 (6th Cir. 1992) and Roberds, Inc. v. Palliser Furniture, 291 B.R. 102, 104 (S.D. Ohio 2003)).[1] Plaintiffs in the Dirt Road Enterprises case made an express jury demand in their Complaint. (Adv. Pro. No. 1:08-ap-1128, Dkt. 1.) However, there is no demand for a jury trial on the Gayatri case. A court in the Eastern District of Michigan has denied motions to withdraw even in cases where a jury trial was likely and the movants would not consent to a jury trial in the bankruptcy court. The court determined that the bankruptcy court was better suited to conduct the pretrial proceedings and reserved the right to reconsider withdrawal closer to the trial date. See e.g., In re Solar Stamping & Mfg., LLC, No. 08-13433, 2008 WL 4239146, at *1 (E.D. Mich. Sept. 10, 2008); In re Collins & Aikman Corp., No. 07-13454, 2007 WL 3171532, at *1 (E.D. Mich. Oct. 29, 2007).

---

[1] Bankruptcy judges have authority to conduct jury trials in all cases and core proceedings arising under Title 11 of the United States Code only if "specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).

Several courts in this District have favored permissive withdrawal only in extraordinary, unusual, or compelling circumstances. See e.g., Nicole Energy Servs., Inc. v. McClathey, No. 2:06-cv-0162, 2007 WL 915199, at *3 (S.D. Ohio Mar. 26, 2007); In re Elder-Beerman Stores Corp., Nos. 95-33643, C-3-96-378, C-3-97-299, 97-3189, 1997 WL 1774875, at *2 (S.D. Ohio Aug. 1, 1997); In re Federated Dep't Stores, Inc., 189 B.R. 142, 144 (S.D. Ohio 1995). Concerns of efficiency and uniformity weigh against withdrawal where the bankruptcy case has been pending for several years, is complex, and might result in piecemeal adjudication of the issues. See Nicole Energy Servs,, 2007 WL 915199, at *3-4; William D. Mundinger Trust u/a 10/13/99 v. Lamson & Sessions Co., No. 04:07MC064, 2007 WL 2874695, at *2 (N.D. Ohio Sept. 27, 2007). "Judicial efficiency and uniformity will be promoted by allowing the bankruptcy court, already familiar with the underlying action, to manage the proceedings until the case becomes ready for trial . . . ." Nicole Energy Servs., 2007 WL 915199, at *4 (quoting In re CIS Corp., 172 B.R. 748, 764 (S.D.N.Y.1994)).

In this case, Exxon has not presented unusual or compelling reasons for the Court to withdraw the adversary proceedings. Rather, the complexity of the adversary proceedings favors denying withdrawal. Plaintiffs assert ordinary common law claims, but the facts supporting the separate claims by the five individual Plaintiffs against Shell and Exxon are complicated. The underlying bankruptcy proceedings have been pending for more than one year and the adversary proceedings have been pending for approximately six months. Defendant Shell has participated actively in the underlying bankruptcy. Honorable Judge Burton Perlman of the Bankruptcy Court has adjudicated dismissal motions in both adversary proceedings and undoubtedly has more familiarity with the cases. Also, based on the parties' briefs and statements at oral

argument, it appears likely that the resolution of the adversary proceedings will affect the bankruptcy.  The Court will not withdraw the adversary proceedings from Bankruptcy Court in these circumstances.

### IV. CONCLUSION

For the foregoing reasons, the Motions to Withdraw the Reference to Bankruptcy Court filed by Exxonmobil Oil Corporation are **DENIED**.  (Case No. 1:08-cv-738, Doc. 2; Case No. 1:08-cv-755, Doc. 2.)

IT IS SO ORDERED.


S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court